**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN JOE WAYNE JACKSON,

    Defendant - Appellant.

No. 24-6088
(D.C. No. 5:23-CR-00305-SLP-1)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **ROSSMAN**, **EBEL**, and **FEDERICO**, Circuit Judges.
_____

Pursuant to a plea agreement containing an appellate waiver, Steven Joe Wayne Jackson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him within the advisory guideline range to 84 months' imprisonment followed by a three-year term of supervised release.

Mr. Jackson appealed, and the government now moves to enforce the appellate waiver in his plea agreement.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).  In response, Mr. Jackson acknowledges that

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his appellate waiver is enforceable under *Hahn* and "does not object to dismissal of this appeal." Resp. at 1.

Based on this concession, we grant the government's motion to enforce the appellate waiver and dismiss this appeal.

Entered for the Court

Per Curiam